## Peterson License

*Reed, Ewing & Ray,* for applicants.

*Dale T. Lias,* for Pennsylvania Liquor Control Board.

McCREARY, P. J., June 20, 1949.—This is an appeal from the action of the Pennsylvania Liquor Control Board in refusing to approve the application of Stella

and Julius Peterson for a hotel liquor license and amusement permit. The petition for appeal was filed April 11, 1949, and sets forth, inter alia, that on August 30, 1948, petitioners filed with the Pennsylvania Liquor Control Board an application for a hotel liquor license for premises known as Valley Hotel, located on State Highway Route No. 51, in the Borough of Fallston, Beaver County, Pa. The petition for appeal further states that following the filing of such application the Pennsylvania Liquor Control Board did, on January 24, 1949, notify applicants that it had refused their application for the reason that applicants' premises did not meet the requirements of the rules and regulations of the board. They attached to their petition for appeal a copy of a letter dated January 24, 1949, wherein the board complained that:

"1. The establishment does not have at least six bedrooms properly equipped and available for the use of transient guests, as required by the Act of Assembly P. L. 806, approved June 24, 1939, to provide for the issuance of a hotel liquor license in excess of the quota.

"2. The place is not actually in operation as a bona fide hotel in that no health license has been obtained, no hotel register is maintained and food is not being regularly prepared and served.

"3. Certain facts have been misrepresented on the application for license in that you have failed to list the arrests of Julius Peterson, investigation having disclosed that the said Julius Peterson has a record of two arrests resulting in one conviction for violation of the law."

In its letter of January 24, 1949, the board advised applicants that if they desired to refute any of these specific objections they should present themselves for a hearing before the Liquor Control Board, and that they should come prepared to prove that they and their

establishment meet all the requirements of the amended Liquor Control Act and regulations of the board. They fixed Friday, February 4, 1949, at 10:15 a. m., E. S. T., in the Wabash Building, Pittsburgh, Pennsylvania, as the time and place for hearing.

Accordingly, a hearing was had on February 4, 1949, at the time and place fixed, at which petitioners and their witnesses appeared to answer the objections that were mentioned by the board in its letter of January 24, 1949.

On March 29, 1949, the Pennsylvania Liquor Control Board, in an opinion and order, refused to grant a license on the ground that applicants were not conducting a bona fide hotel, habitually and principally used as a premises where the public may, for a consideration, obtain sleeping accommodations with meals.

This court, on petition for appeal, fixed Wednesday, May 25, 1949, in open court, as the time and place for the appeal. The Pennsylvania Liquor Control Board was represented by a lawyer from the Department of Justice, and petitioners were present in person with their witnesses and were represented by counsel. The hearing was concluded the same day.

Section 404 of the Pennsylvania Liquor Control Act of November 29, 1933, P. L. 15, as last amended by the Act of May 27, 1943, P. L. 688, 47 PS §404, reads as follows:

"The board may of its own motion and shall, upon the written request of any applicant for club, hotel or restaurant liquor license, or for renewal or transfer thereof whose application for such license, renewal or transfer has been refused, fix a time and place for hearing of such application for liquor license, or for renewal or transfer thereof, notice of which hearing shall be mailed to the applicant at the address given in his application. Such hearing shall be before the

board, a member thereof, or an examiner designated by the board. At such hearing, the board shall present its reasons for its refusal or witholding of license, renewal or transfer thereof. The applicant may appear in person or by counsel, may cross-examine the witnesses for the board, and may present evidence which shall likewise be subject to cross-examination by the board. Such hearing shall be stenographically recorded. The examiner shall thereafter report to the board upon such hearing. The board shall thereupon grant or refuse the license, renewal or transfer thereof. If the board shall refuse such license, renewal or transfer, following such hearing, notice in writing of such refusal shall be mailed to the applicant at the address given in his application. In all such cases, the board shall file of record at least a brief statement, in the form of an opinion, of the reasons for the ruling or order, and furnish a copy thereof to the applicant. Any applicant who has appeared before the board, or any agent thereof, at any hearing as above provided, who is aggrieved by the refusal of the board to issue a hotel or restaurant or club liquor license, may appeal within twenty days from date of refusal to the court of quarter sessions, or the county court of Allegheny County or the county in which the hotel or restaurant or club is located. Such appeal shall be upon petition of the applicant, who shall serve a copy thereof upon the board; whereupon a hearing shall be held upon the petition by the court upon ten days' notice to the board, which shall be represented in the proceeding by the Department of Justice. The court shall hear the application de novo at such time as it shall fix, of which notice shall be given to the board. The court shall either sustain the refusal of the board or order the issuance of the license to the applicant. There shall be no further appeal. Any appeal shall act as a supersedeas, unless, upon sufficient cause shown, the court shall determine otherwise.

"The jurisdiction of the county court of Allegheny County conferred hereby shall be exclusive within the territorial limits of its jurisdiction."

It will be noted that this section of the Pennsylvania Liquor Control Act makes it mandatory that the board, after hearing, shall file of record at least a brief statement, in the form of an opinion, of the reasons for the ruling or order, and furnish a copy thereof to applicant. This section of the act was not complied with by the board in its order of March 29, 1949, because all the board finds as a fact to support the conclusion which it drew that applicants were not entitled to a license was that "The Board is not satisfied that the applicants are conducting a bona fide hotel, habitually and principally used as premises where the public may, for a consideration, obtain sleeping accommodations with meals". In the first place, that is a mere conclusion. What the court is interested in knowing is the respect in which applicants are failing to conduct a bona fide hotel. If the board is not satisfied that applicants are conducting a bona fide hotel, we think they should find as a fact that applicants are not conducting a bona fide hotel, and not merely suggest that the board is not so satisfied. It will be noted from the testimony that investigators for the Pennsylvania Liquor Control Board did visit the premises of applicants two or three times prior to January 3, 1949, and it must be assumed that the letter of January 24, 1949, advising the applicants that they would have their application refused, was the result of those investigations conducted by the investigators up to and including January 3, 1949. Certainly no further investigation was made between January 3 and January 24, 1949, or between January 3 and February 4, 1949, the date of the hearing. The record further shows that after the hearing was concluded before the examiner for the Liquor Control Board, a further investigation was

ordered by the board and the premises of the applicants was visited by two of the board's agents on March 10, 1949, at noon for the purpose of determining whether the objections which the board stated in its letter of January 24, 1949, had been obviated. These investigators went to the premises at noon of March 10, and found them not in operation. They had to arouse the proprietress of the alleged hotel from her bed. All other objections had been obviated. Some nine days after this adverse report by the agents of the Liquor Control Board, the board made an order, dated March 29, 1949, refusing the grant of the license.

By again referring to section 404 of the Pennsylvania Liquor Control Act, it will be noted that the board violated the provisions thereof. Section 404 makes it mandatory that a hearing before the board shall be conducted according to a definite procedure. It provides that "at such hearing, the board shall present its reasons for its refusal or withholding of license, renewal or transfer thereof. The applicant may appear in person or by counsel, may cross examine the witnesses for the board, and may present evidence which shall likewise be subject to cross examination by the board". The testimony in the case we have under consideration leaves no doubt about the fact that the board refused to grant a hotel license to applicants and that the board based its conclusion on the report of one of its investigators submitted to it more than a month after the hearing. Applicants had a right under the law to cross-examine the investigator for the Liquor Control Board who reported that the premises were not open for business at noon March 10, 1949. The board has no more authority to base its conclusion to refuse a license to an applicant on the report of an investigator five weeks after the hearing before the board than the court would have to sustain the board on the testimony given to the judge after the hearing is

over. As a matter of fact, we were visited, two days after the appeal was heard; by the owners of a hotel on the opposite side of route 51, and we were told by the proprietors of the neighboring hotel that there is no necessity for another hotel in that vicinity. We were also told by the proprietors of the hotel across the highway from applicants' hotel that the appellants do not conduct a bona fide hotel. We advised them that we could not take their statements into consideration unless they were to make them under oath in the presence of the applicants at a hearing where they would be subjected to cross-examination.

There is no provision in the Liquor Control Act for the court remanding a case to the board for further hearing, but we do know of one lower court decision where such procedure was adopted. That is the case of Olsommer's Appeal, 59 D. & C. 343. In that case Judge Davis of Monroe County decided that where the Pennsylvania Liquor Control Board has refused to grant a hotel liquor license on the ground that applicant's husband is a joint owner of the business and is also a State law enforcement officer, and, after the decision of the board, but prior to the hearing upon appeal before the court, applicant and her husband convey the hotel premises to the wife alone, the court will not consider whether this action has changed the situation but will refer the matter back to the Liquor Control Board for further hearing under the changed facts.

We are of the opinion that the matter we are now considering should be referred back to the Pennsylvania Liquor Control Board for further investigation and further hearing at which the applicants will be given an opportunity to cross-examine the witnesses for the board. We also suggest that it might be advisable for the board to subpoena the owners of the hotel in the vicinity of applicants' hotel for the purpose

of getting on the record their testimony. We further suggest that if the board refuses to grant a license to applicants, it set forth, briefly, in its opinion the grounds upon which the refusal is based. It is not sufficient for the board merely to state a conclusion that applicants are not conducting a bona fide hotel, but should state the facts on which this conclusion is based.

For the reasons stated we make the following

### Order

Now, June 20, 1949, the matter of the appeal of Stella and Julius Peterson having come before the court for hearing, it is ordered, adjudged and decreed that the matter be referred back to the board for further investigation and hearing.